FRANK HOLAMAN v. E. L. MARSH AND C. F. GUY, Appellants.

**Animals:** DISTRAINT: *Assessment by trustees.* Under Code, section 2317, providing that, after distraint of animals damage feasant, the amount of damage done shall be assessed, by the township trustees, a person so distraining animals cannot retain possession of them without having the damage assessed as provided.

REPLEVIN: *Counterclaim.* Under Code, section 4164, providing that in actions of replevin there shall be no counterclaim nor joinder of causes of action not of the same kind, a defendant in replevin for animals taken damage feasant cannot interpose a general demand for damages occasioned by the trespass of the animals in suit or others.

*Same.* Animals distrained damage feasant cannot be held under a general claim for damages not limited to the damage done at the time of the distraint.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

SATURDAY, APRIL 12, 1902.

ACTION in replevin to recover possession of certain hogs. Defendant claims right to possession by virtue of distraint

of the animals damage feasant. Trial to the court. Judgment for plaintiff, from which defendants appeal.—*Affirmed.*

*T. B. Snyder* for appellants.

*Herminghausen & Herminghausen* for appellee.

McCLAIN, J.—It appears that the defendant Guy (who will be treated as the sole defendant for the purposes of this opinion) took possession of and planted a crop upon an island in the Mississippi river in front of plaintiff's farm. The title of said defendant to the island is not here directly in question, but it appears that the island was unsurveyed, and had not been patented to anyone. Plaintiff had, however, in previous years, transported his hogs to this island which contained about 159 acres, and was entirely separated by water from his farm, and had allowed them to run there, and this he had done again in the spring of the year in which defendant planted the crop in question, and prior to the planting of such crop. Defendant claims the plaintiff's hogs were running at large, and that he had the right to distrain them for damages to his crop, under the provisions of Code, section 2314; but with reference to this claim it is enough to say that the damages for which the animals are distrained must be assessed by the township trustees, on notice given to them by the person thus distraining (Code, section 2317); and that it appears from the finding of facts by the trial court, which is supported by the evidence, that no notice had been given in this case to the trustees, and no assessment of damages had been made, although the time provided for such notice and assessment had already expired before this suit was brought. Therefore the further distraint of these animals was unlawful, and at the time of the commencement of the action defendant had no right to hold

them.   This view disposes of defendant's claim in this action, for he is not allowed, in an action of replevin, to interpose by way of counterclaim any general demand he may have for damages for trespass committed by these or other animals belonging to the plaintiff. Code, section 4164.   Moreover, defendant's claim for damages was not limited to the damage done by these animals at the time of distraint, but covered the entire damage to defendant's crops by the animals of plaintiff throughout the entire season, and there is no showing as to what particular damage was done by plaintiff's hogs on the occasion when they were distrained.   It is clear, therefore, that the defendant's detention of these animals was wrongful.—AFFIRMED.